**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00096-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **MATTHEW SIDNEY GEOUGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Seal [Doc. 22].

The Government moves the Court for leave to file a "sentencing motion" under seal in this case. [Doc. 22]. For grounds, counsel states that the "sentencing motion" contains sensitive information about cooperating defendants in this case and that disclosure of such information could potentially put those individuals at risk of harm. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, a party is still required to file in the public record a redacted memorandum with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Government has failed to file an unredacted version of the "sentencing motion" provisionally under seal for the Court to review. See LCvR 6.1(d). Without such, the Court is unable to determine if the purported grounds for sealing the document provide a sufficient basis for wholesale sealing of the document or if less drastic alternatives to wholesale sealing would be effective. See Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

As such, the Government's Motion fails to provide a sufficient basis to support a decision to seal the "sentencing motion" and for rejecting the alternatives to sealing. For these reasons, the Court will deny the Government's Motion without prejudice. The Court, however, will allow the Government to file a renewed Motion to Seal that identifies with specificity the portions of the "sentencing motion" to be sealed and provides sufficient basis for the sealing thereof. Further, the Government shall file the unredacted "sentencing motion" provisionally under seal and, to the extent the Government's basis for sealing the "sentencing motion" pertains to only

certain portions therein, the Government shall file a redacted version of the "sentencing motion" redacting only those portions sought to be sealed.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal [Doc. 22] is **DENIED WITHOUT PREJUDICE**. The Government shall file a Motion to Seal on the public docket that identifies with specificity the portions of the "sentencing motion" to be sealed and provides sufficient basis for the sealing thereof forthwith. Further, the Government shall file the unredacted "sentencing motion" provisionally under seal and, if appropriate, a redacted version of the "sentencing motion" on the public docket.

**IT IS SO ORDERED.**

Signed: June 17, 2022

Martin Reidinger
Chief United States District Judge