IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | **SENTENCING MEMORANDUM** |
| vs. ) | |
| ) | |
| ) | Docket No. 1:21cr96 |
| MATTHEW SIDNEY GEOUGE, ) | |
| Defendant. ) | |

SENTENCING MEMORANDUUM

The Government and the defendant, Matthew Geouge, have offered a joint sentencing recommendation to the court. The recommendation was filed under seal as Document 26. The terms of that recommendation are a variance to Level 13 with an active sentence of 12 months plus a day, 3 years of supervised release of which the first 6 months are to be spent on home confinement with work-release, and a fine of $250,000. In addition to the information offered in the Government's filing in support of the variance, we offer the following facts in support of the agreement and relevant to factors set forth in 18 U.S.C. § 3553(a).

Mr. Geouge's work history, both before and after he was charged in this matter, demonstrate a man of character who needs no education or vocational training to ensure future success. He has worked and earned a solid living since he graduated from high school in 2005. He is a gifted diesel mechanic, trained to such a level that he serves as a mentor to mechanics doing in-service training in pursuit of their certifications. (See Exhibit 1: McDowell letter.) Ironically, it was his love of diesel trucks that led him into the "tuning" craft, and eventually into what would later become the illegal tunes which are the subject of the CAA violation in this

case. To be clear, however, Spartan Diesel and Spartan Truck were started as legal businesses. Though illegal tunes eventually became the larger portion of Spartan's sales, both entities continued to conduct legal business throughout and until their dissolution in 2017.

Mr. Geouge is now a man with extensive entrepreneurial and management experience. Based on his years in business, he took a job as a diesel technician at Roger Shifflett Ford in Gaffney, SC in early 2021. His experience, training, talents, and interpersonal skills soon led them to promote him to service manager over their diesel truck department. (See Exhibit 2: Roger Shifflett letter.) He supervises a shop of 10 mechanics and 2 service writers, and also manages the diesel parts side of the parts department. A portion of his compensation is based on profits in his department, and he is currently earning what would be something over $150,000/year. Though the dealership cannot hold his job for him for the time he will be in the BOP, and he likely will not find a manager's position earning near that much, his experience and personal history make it likely that he will be able to return to work and make a decent living soon after his release.

<u>Mr. Geouge provides important emotional and financial support to his fiancé and her 12-year-old son.</u> Mr. Geouge and Caroline Jackson have been together for 7 years and are engaged to be married. Ms. Jackson describes him as a "type who sees a need in someone's life and endeavors to fulfill that need with grace and compassion." In the letter she wrote for the court, she shares a sense of the man that cannot be distilled in this memorandum. Please read Ms. Jackson's letter (Exhibit 3). Ms. Jackson came to their relationship with a 5-year-old son by a prior marriage. Her ex was later determined to have abused their young son. That boy (now 12) has a severe form of epilepsy that requires much higher diligence and care than is normally

required of parents. Mr. Geouge committed to the relationship and his role as stepfather from the outset many years ago.

While talking to a court-appointed psychologist in 2019, Ms. Jackson's son was asked to draw a picture of his family. According to the psychologist, "he drew himself, his mother, her parents, and Matt [Geouge] playing baseball. After showing the drawing to [the psychologist] he said, 'I consider Matt to be my dad. I call him Matt but he's more of a dad to me. My dad doesn't feel like a dad at all.'" (Excerpted from a 9/15/19 report from Katy Flagler, PhD.[1]) Several years ago while completing a school workbook assignment, this boy told the whole story of what it meant to him that Matt Geouge had come into his life. One can see that simple but profound story in Exhibit 4: Son's workbook. Two weeks ago, Mr. Geouge and Ms. Jackson got the unexpected news that her 12-year-old son will become a big brother next January.

<u>Mr. Geouge's assets are considerably more modest than they appeared at the time the PSR was completed.</u>  The joint sentencing recommendation of the parties, if accepted by the court, would result in a total indebtedness well over $2,100,000: He will owe $1,205,000 in back taxes and interest and penalties will be added to that; and he will owe the agreed-upon $250,000 fine; and $650,000 balance on the $1,300,000 settlement with the EPA. Since the plea agreement was signed, he borrowed $650,000 against the homesite at Coyote Ridge to pay down half of the settlement. The PSR had set forth a net asset valuation of nearly $1,000,000, virtually all of which was Coyote Ridge. Now Coyote Ridge is encumbered by the $650,000 loan, but its real value is far less than the value attributed in the PSR. That was based on the homesite with a

---

[1] Counsel has accurately quoted from this relevant section of the report. While the trauma and difficulties faced by Ms. Jackson's son are somewhat relevant to elucidating Mr. Geouge's role in his life and rearing, it is 26 pages long and mostly not germane to this sentencing. Counsel will file a copy under seal if the court or the Government requests one.

completed home. He had been building it out for years when the collapse of Spartan and his tuning business put a stop to it. Much of the exterior (though not all) was complete, so it looks close to done on the outside. The inside, however, is a shell with no walls and only partially completed plumbing and electrical. (See Exhib 5: Coyote Ridge photos.) This information is offered only for the court's consideration as it considers the monetary aspects of the proposed joint settlement agreement.

Respectfully submitted, this the 20 day of June, 2022.

_____
s/ANTHONY G. SCHEER
NC Bar # 19257
Attorney for the Defendant
Rawls, Scheer, Clary & Mingo, PLLC
1011 East Morehead Street, Suite 300
Charlotte, North Carolina 28204
704-376-3200 (office)
704-332-2716 (fax)
tscheer@rscmlaw.com